UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DAVIS,                                            Hon.
    Plaintiff,                                       Case No. 15- cv-

v

CARLA ROBERT, in her individual and official
capacity as the FOIA Coordinator for the Michigan
Department of Treasury, and
SUE HALL, in her official capacity as a duly appointed
member of the Wayne County Airport Authority,
    Defendants.
_____/
Andrew A. Paterson (P18690)
Attorney for Plaintiff
46350 Grand River Ave., Ste. C
Novi, MI 48374
(248) 568-9712
_____/

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

NOW COMES, PLAINTIFF ROBERT DAVIS ("Plaintiff Davis" or

"Plaintiff"), by and through his attorney, ANDREW A. PATERSON, for his

Verified Complaint For Declaratory Judgment and Injunctive Relief

("Complaint"), states and alleges the following:

### I.  NATURE OF PLAINTIFF'S CLAIMS

1.  Plaintiff Davis' claims are brought pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§1331, 1337, 1343, 1367; and the Declaratory Judgment Act, 28 U.S.C. § 2201, et. seq.

2.  Plaintiff Davis alleges in Count I of the Complaint that a declaratory judgment should be issued declaring that Defendant Carla Robert ("Defendant Robert"), in her official capacity as the Freedom of Information Act ("FOIA") Coordinator for the Michigan Department of Treasury, violated Plaintiff Davis' Right to Petition the Government for Redress of Grievances as guaranteed under the First Amendment of the United States Constitution by enforcing the Michigan's FOIA's prohibition against incarcerated persons from appealing any denial decision to the circuit court or to the head of the respective public body.

3.  Plaintiff Davis alleges in Count II of the Complaint that a declaratory judgment should be issued declaring that Defendant Robert, in her official capacity as the FOIA Coordinator for the Michigan Department of Treasury, violated Plaintiff Davis' Procedural Due Process Rights as guaranteed under the Fourteenth Amendment of the United States Constitution by enforcing the FOIA's prohibition against incarcerated persons from invoking the privileges of Michigan's FOIA statute, which deprived Plaintiff Davis of his statutory right to receive copies of public documents and Plaintiff Davis' statutory right to file an appeal in the circuit court without notice and/or a hearing.

4.   Plaintiff Davis alleges in Count III of the Complaint that a declaratory judgment should be issued declaring that the FOIA's prohibition against incarcerated persons from invoking the privileges of the FOIA statute violate Plaintiff Davis' Right to Petition the Government for Redress of Grievances and Mich. Const. 1963, art. 9, § 23.

5.   Plaintiff Davis alleges in Count IV of the Complaint that a declaratory judgment should be issued declaring that Mich. Comp. Laws § 15.234(3) of the FOIA requires the Defendant Robert, in her official capacity as the FOIA Coordinator for the Michigan Department of Treasury, to waive any costs and fees associated with the production of the public documents requested by Plaintiff Davis in his February 9, 2015 FOIA Request.

6.   Plaintiff Davis alleges in Count V of the Complaint that a declaratory judgment should be issued declaring that Defendant Robert, in her individual capacity, retaliated against Plaintiff Davis for exercising his First Amendment Rights by intentionally and purposely delaying issuing a response to Plaintiff Davis' February 9, 2015 FOIA Request until it was time for Plaintiff Davis to self report to a federal minimum security camp.

7.   Plaintiff Davis alleges in Count VI of the Complaint that injunctive relief should be granted permanently enjoining Defendant Robert from enforcing the

FOIA's prohibition against incarcerated persons from invoking the privileges of the FOIA statute.

8.  Plaintiff Davis alleges in Count VII of the Complaint that a declaratory judgment should be issued declaring that Defendant Sue Hall ("Defendant Hall"), in her official capacity as a duly appointed member of the Wayne County Airport Authority, retaliated against Plaintiff Davis for exercising his First Amendment Rights by harassing Plaintiff Davis, and purposefully interfering with and stalling contract negotiations for AFSCME Local 953.

9.  Plaintiff Davis alleges in Count VIII of the Complaint that Plaintiff Davis shall be awarded his attorney fees and costs pursuant to 42 U.S.C. § 1988.

10.  Plaintiff Davis' action is timely because it has been commenced within the three-year statute of limitation period to commence § 1983 actions.  The Sixth Circuit has held that "the appropriate statute of limitations to be borrowed for § 1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims." *Wolfe v Perry*, 412 F.3d 707, 714 (6th Cir. 2005).

## II.  JURISDICTION AND VENUE

11.  This Court has jurisdiction over Plaintiff Davis' claims pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§1331, 1337, 1343, 1367.

12.  This Court also has jurisdiction to render and issue a declaratory judgment, as requested by Plaintiff Davis herein, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, et. seq.

13.  Venue is proper under 28 U.S.C. 1391 because Plaintiff Davis is a resident of this district, all Defendants reside or have their principal offices located in this district, and the actions giving rise to this complaint all occurred within this district.

### III.  PARTIES

14.  Plaintiff Davis is a registered and qualified elector of the City of Highland Park, State of Michigan.  Plaintiff Davis is also a former elected member of the Highland Park Board of Education and was a union and community activist prior to his incarceration.

15.  Defendant Carla Robert ("Defendant Robert"), pursuant to Mich. Comp. Laws § 15.236 of Michigan's Freedom of Information Act ("FOIA") is the duly appointed FOIA Coordinator for the Michigan Department of Treasury.

16.  Defendant Sue Hall ("Defendant Hall"), pursuant to state law, is a duly appointed member of the Wayne County Airport Authority.

### IV.  COMMON FACTS

17.  On April 5, 2012, Plaintiff Davis was indicted by the United States Government on 16 counts alleging misconduct while Plaintiff Davis was an elected

member of the Highland Schools Board of Education, being Criminal Case No. 12-20224 ("Plaintiff Davis' Criminal Matter").  (See Plaintiff's affidavits attached hereto as Exhibits A and B).

18.  On June 28, 2012, a First Superseding Indictment was issued against Plaintiff Davis adding four new counts alleging his filing of false income tax returns.  (See Plaintiff's affidavits attached hereto as Exhibits A and B).

19.  After Plaintiff Davis' indictment became public, Plaintiff Davis remained and continued in his employment with Michigan AFSCME Council 25 as a Union Staff Representative, until his termination on September 18, 2014.  (See Plaintiff's affidavits attached hereto as Exhibits A and B).

20.  In fact, after Plaintiff Davis' indictment was widely publicized, in June 2012, Al Garrett, President of Michigan AFSCME Council 25, still selected Plaintiff Davis to represent AFSCME at Harvard University's prestigious Senior Executives in State and Local Government Program, held at Harvard University's Kennedy School of Government.  (See Plaintiff's affidavits attached hereto as Exhibits A and B).

21.  On September 2, 2014, Plaintiff Davis pled guilty before Senior United States District Court Judge Arthur Tarnow ("Judge Tarnow") to one count of Unlawful Conversion of Program Funds and one count of Filing a False Income

Tax Return for the tax year 2007.  (See Plaintiff's affidavits attached hereto as Exhibits A and B).

22.  On December 18, 2014, Judge Tarnow sentenced Plaintiff Davis to serve 18 months at a federal minimum security camp.  Counsel for Defendant Hall, the Wayne County Airport Authority, and other state officials were present at Plaintiff Davis' sentencing.  (See Plaintiff's affidavits attached hereto as Exhibits A and B).

23.  On March 13, 2015, Plaintiff Davis self-reported to the federal minimum security camp in Montgomery, Alabama located on the Maxwell Air Force Base ("FPC Montgomery") to begin serving his 18-month sentence as was imposed by Judge Tarnow in Plaintiff Davis' Criminal Matter.  (See Plaintiff's affidavits attached hereto as Exhibits A and B).

## V.  CAUSES OF ACTION
### COUNT I
### 42 U.S.C. § 1983
Defendant Robert, In Her Official Capacity as the FOIA Coordinator for the Michigan Department of Treasury, Violated Plaintiff's First Amendment Right to Petition the Government For Redress of Grievances By Enforcing Michigan FOIA's Prohibition Against Incarcerated Persons To Plaintiff's February 9, 2015 FOIA Request.

24.  Plaintiff re-alleges and incorporates by reference the allegations contained in the previous paragraphs as if they were fully set forth herein.

25.  Pursuant to Mich. Comp. Laws § 15.235 of Michigan's FOIA, on February 9, 2015, Plaintiff Davis sent, via email, a request to Defendant Robert requesting

certain public documents pertaining to Kevyn Orr, the former Emergency Manager for the City of Detroit ("February 9th FOIA Request").  (See Plaintiff's February 9th FOIA Request attached hereto as Exhibit C).

26.  In accordance with Mich. Comp. Laws § 15.235(2) of Michigan's FOIA, within five (5) business days of receiving Plaintiff Davis' February 9th FOIA Request, Defendant Robert timely sent Plaintiff Davis a written notice extending, for not more than 10 business days, the period for which the Defendant Robert had to respond to Plaintiff Davis' February 9th FOIA Request.  Accordingly, Defendant Robert's response to Plaintiff Davis' February 9th FOIA Request was now due on March 4, 2015.  (See Plaintiff's affidavit attached hereto as Exhibit A).

27.  However, Defendant Robert failed to timely respond to Plaintiff Davis' February 9th FOIA Request by the March 4th due date.  (See Plaintiff's affidavit attached hereto as Exhibit A; and see also Plaintiff's March 5, 2015 email to Defendant Robert attached hereto as Exhibit D).

28.  Accordingly, on March 5, 2015, Plaintiff Davis attempted to contact Defendant Robert by telephone to request that Defendant Robert email the Michigan Department of Treasury's official response to Plaintiff Davis' February 9th FOIA Request.  (See Plaintiff's March 5, 2015 email to Defendant Robert attached hereto as Exhibit D).

29.  Defendant Robert did not return Plaintiff Davis' March 5, 2015 phone call nor did Defendant Robert send, via email, the Michigan Department of Treasury's official response to Plaintiff Davis' February 9th FOIA Request, which was due on March 4, 2015.  (See Plaintiff's affidavit attached hereto as Exhibit A).

30.  After not responding to Plaintiff Davis' March 5, 2015 email and failing to respond to Plaintiff Davis' numerous phone calls., finally, on March 11, 2015, just two (2) days before Plaintiff Davis was required to self-report to FPC Montgomery, Plaintiff Davis received, via first class mail at his home address, Defendant Robert's official response on behalf of the Michigan Department of Treasury's to Plaintiff Davis' February 9th FOIA Request ("Defendant Robert's March 2015 Response").  (See Plaintiff's affidavit attached hereto as Exhibit A; see also Defendant Robert's March 2015 Response attached hereto as Exhibit E).

31.  Defendant Robert's March 2015 Response, on behalf of the Michigan Department of Treasury, granted in part and denied in part Plaintiff Davis' February 9th FOIA Request.  Specifically, Defendant Robert's March 2015 Response granted Plaintiff Davis' February 9th FOIA Request to the extent that the Michigan Department of Treasury had the public documents requested in their possession, but denied Plaintiff Davis' February 9th FOIA Request to the extent that the Michigan Department of Treasury did not have the public documents

requested in their possession. (See Defendant Robert's March 2015 Response attached hereto as Exhibit E).

32. Defendant Robert's March 2015 Response also required Plaintiff Davis to pay a minimum of at least $1,000 before a search was to be conducted to locate the public documents requested and before any documents would be released to Plaintiff Davis. (See Defendant Robert's March 2015 Response attached hereto as Exhibit E).

33. Additionally, pursuant to Mich. Comp. Laws § 15.235(7) of Michigan's FOIA, Defendant Robert's March 2015 Response also stated and advised Plaintiff Davis that he had the right to appeal Defendant Robert's denial by commencing a civil action in the appropriate circuit court within 180 days after Defendant Robert's March 2015 Response or by appealing to the head of the Michigan Department of Treasury, which in this case is the State Treasurer. (See Defendant Robert's March 2015 Response attached hereto as Exhibit E).

34. On March 13, 2015 at approx. 6 a.m., Plaintiff Davis boarded a Delta Airlines flight to Montgomery, Alabama to self-report to FPC Montgomery. Plaintiff Davis was required to self-report to FPC Montgomery by 12 noon on March 13, 2015. Plaintiff Davis timely reported to FPC Montgomery on March 13, 2015 and began serving his 18-month sentence. (See Plaintiff's affidavit attached hereto as Exhibit A).

35.  On April 21, 2015, Plaintiff Davis sent, via certified mail, Defendant Robert a written correspondence requesting a waiver of costs and fees associated with the production of the public documents Plaintiff Davis requested in his February 9th FOIA Request ("Plaintiff Davis' April 21, 2015 Letter").  Plaintiff Davis' April 21, 2015 Letter also requested Defendant Robert to advise him of his right to appeal Defendant Robert's partial denial of Plaintiff Davis' February 9th FOIA Request and also requested Defendant Robert to advise Plaintiff Davis as to whether Plaintiff Davis still had the right to receive the public documents he so requested in light of the fact that Plaintiff Davis was now incarcerated at FPC Montgomery.  (See Plaintiff's April 21, 2015 Letter to Defendant Robert attached hereto as Exhibit F).

36.  On May 12, 2015, Plaintiff Davis received, via first class mail, a letter dated May 5, 2015 from Defendant Robert responding to Plaintiff Davis' April 21, 2015 Letter.  In the letter dated May 5, 2015, Defendant Robert advised Plaintiff Davis that in accordance with Mich. Comp. Laws §§ 15.231(2) and 15.232(c) "an individual serving a sentence of imprisonment... in a federal correctional facility, is not covered under the FOIA as those who may invoke the statute."  (See Defendant Robert's May 5, 2015 Letter to Plaintiff Davis attached hereto as Exhibit G).

37.  On May 18, 2015, Plaintiff Davis sent, via certified mail, Defendant Robert a written correspondence seeking clarification as to whether Plaintiff Davis

retained his appeal rights as afforded under Mich. Comp. Laws§ 15.240(1) of Michigan's FOIA to appeal Defendant Robert's partial denial of Plaintiff Davis' February 9th FOIA Request to the appropriate circuit court or to appeal said partial denial to the Michigan State Treasurer.  (See Plaintiff Davis' May 18, 2015 Letter to Defendant Robert attached hereto as Exhibit H).

38.  As of the date of the filing of this Complaint, Plaintiff Davis had not received a written response from Defendant Robert to Plaintiff Davis' May 18, 2015 Letter.  However, it is anticipated that Defendant Robert's response to Plaintiff Davis' May 18, 2015 Letter would be the same that Defendant Robert previously advised Plaintiff Davis that in accordance with Mich. Comp. Laws §§15.231(2) AND 15.232(c) "an individual serving a sentence of imprisonment...in a federal correctional facility, is not covered under the FOIA as those who may invoke the statute."

39.  Defendant Robert's enforcement of Michigan's FOIA's prohibition against incarcerated individuals from invoking the rights and privileges afforded under the Michigan FOIA to Plaintiff Davis' February 9th FOIA Request violates Plaintiff Davis' First Amendment Right to Petition the Government for Redress of Grievances.  (See Plaintiff's affidavit attached hereto as Exhibit A).

40.  Contrary to Defendant Robert's erroneous assumptions, Plaintiff Davis did not forfeit his First Amendment Constitutional Right to Petition the Government

for Redress of Grievances when Plaintiff Davis self-reported to FPC Montgomery on March 13, 2015 to begin serving his 18-month sentence.  Rather, Plaintiff Davis retained his First Amendment Constitutional Right to Petition the Government for Redress of Grievances when Plaintiff Davis began serving his 18-month sentence at FPC Montgomery on March 13, 2015.  (See Plaintiff's affidavit attached hereto as Exhibit A).

41.  "[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." *Turner v Safely*, 482 U.S. 78, 84, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

42.  "Prison walls do not form a barrier separating prison inmates from the protections of the Constitution." *Turner v Safely*, 482 U.S. at 84.

43.  "Our cases hold that a convicted felon does not forfeit all constitutional protections by reasons of his conviction and confinement in prison." *Meachum v Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).

44.  "Like others, prisoners have the constitutional right to petition the Government for redress of their grievances..." *Hudson v Palmer*, 468 U.S. 517, 523, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).

45.  It is well-established in the Sixth Circuit that: "There is no question that inmates retain may of the protections of the First Amendment, such as rights to free expression, *Thornbaugh v Abbott*, 490 U.S. 401, 401, 109 S.Ct. 1874, 104

L.Ed.2d 459 (1989); to petition the government for the redress of grievances, *Johnson v Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); and to free exercise of religion, *O'Lane v Estate of Shabazz*, 482 U.S. 342, 348, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987)." *Bazetta v McGinnis*, 430 F.3d 795, 804 (6th Cir. 2005).

46. The filing of a lawsuit is a form of petitioning activity protected under the First Amendment of the United States Constitution. As the United States Supreme Court determined, "...filing a complaint in court is a form of petitioning activity; "but baseless litigation is not immunized by the First Amendment right to petition."" *McDonald v Smith*, 472 U.S. 479, 484, 105 S.Ct. 2787, 86 L.Ed.2d 384 (1985) (quoting *Bill Johnson's Restaurants Inc v NLRB*, 461 U.S. 731, 743, 103 S.Ct. 2161, 76 L.Ed.2d 277 (1983)).

47. It is also well-established in the Sixth Circuit that the filing of a lawsuit is a protected activity under the First Amendment. See *Eckerman v Tenn. Dept of Safety*, 636 F.3d 202, 208 (6th Cir. 2010) ("The filing of a lawsuit to redress grievances is clearly protected activity under the First Amendment.")(citing *Thaddeus-X v Blatter*, 175 F.3d 378, 396 (6th Cir. 1999) (*en banc*)).

48. It is also well-established in this district that the filing of a lawsuit is a protected activity under the First Amendment. See *Pragovich v IRS*, 676 F.Supp.2d 557, 570 (E.D. Mich. 2009) ("Furthermore, "[t]he filing of a lawsuit

carries significant constitutional protections, implicating the First Amendment right to petition the government for redress of grievances, and the right of access to courts."") (quoting *Hoeber on Behalf of NLRB v Local 30*, 939 F.2d 118, 126 (3rd Cir. 1991)).

49.  Therefore, it is clear that Plaintiff Davis had a First Amendment Right to file a lawsuit in the appropriate circuit court to appeal Defendant Robert's partial denial of Plaintiff Davis' February 9th FOIA Request, as well as file a lawsuit in the appropriate circuit court to appeal Defendant Robert's decision to charge Plaintiff Davis for the production of the requested records pursuant to Michigan's FOIA.

50.  Additionally, Plaintiff Davis had a First Amendment Right to appeal Defendant Robert's decision directly to the Michigan State Treasurer pursuant to Michigan's FOIA for "the right to petition extends to all departments of the Government." *California Transport v Trucking Unlimited*, 404 U.S. 508, 510, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972).

51.  Plaintiff Davis desires to appeal Defendant Robert's decision regarding Plaintiff Davis' February 9th FOIA Request by filing a lawsuit in the appropriate circuit court or by filing an appeal with the Michigan State Treasurer as Michigan's FOIA permits.  (See Plaintiff's affidavit attached hereto as Exhibit A).

52.  As noted above, Plaintiff Davis did not forfeit his First Amendment Right to Petition the Government for Redress of Grievances when he began serving his 18-month sentence on March 13, 2015.  (See Plaintiff's affidavit attached hereto as Exhibit A).

53.  Defendant Robert's actions of enforcing Michigan's FOIA's prohibition against incarcerated individuals to Plaintiff Davis' February 9th FOIA Request violated Plaintiff Davis' First Amendment Right to Petition the Government for Redress of Grievances.

54.  It is anticipated that Defendant Robert will cite and rely on the Michigan Court of Appeals published opinion in *Proctor v White Lake Twp Police Dept.*, 248 Mich App. 457, 639 NW2d 332 (2001).  However, the Michigan Court of Appeals holding in Proctor is not analogous to the facts of this case and the facts of this case are distinguishable from the facts in Proctor, supra.  Therefore, the Michigan Court of Appeals holding in Proctor is not binding or controlling in this case.

<u>COUNT II</u>
<u>42 U.S.C. § 1983</u>

<u>VIOLATION OF FOURTEENTH AMENDMENT- Defendant Robert, In Her Official Capacity As The FOIA Coordinator for the Michigan Department of Treasury, Violated Plaintiff's Procedural Due Process Rights As Guaranteed Under the Fourteenth Amendment, To File An Appeal and To Obtain Public Documents By Enforcing Michigan's FOIA's Prohibition Against Incarcerated Persons To Plaintiff's February 9th FOIA Request.</u>

54. Plaintiff re-alleges and incorporates by reference the allegations contained in the previous paragraphs as if they were fully set forth herein.

55. To adequately plead a 42 U.S.C. § 1983 claim, plaintiff must allege that a defendant acting under state law, deprived her [him] of a right secured by the Constitution or laws of the United Sates- in this instance, the Fourteenth Amendment right to due process. *Thomas v Cohen*, 304 F.3d 563, 568 (6th Cir. 2002).

56. "States may not "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1." *Daily Servs., LLC v Valentino*, 756 F.3d 893, 904 (6th Cir. 2014).

57. "In order to establish a procedural due process claim, a plaintiff must show that (1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the property interest." *Women's Med. Pro'l Corp. v Baird*, 438 F.3d 595, 611 (6th Cir. 2006) (citing *Hahn v Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999)).

58. "Property interests do not derive from the Constitution, but rather are created and defined by "existing rules or understandings that stem from independent sources such as state law...."" *Silberstein v City of Dayton*, 440 F.3d

306, 311 (6th Cir. 2006) (quoting *Bd. of Regents of State Colls. v Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)).

59.  ""Procedural due process generally requires that the state provide a person with notice and an opportunity to be heard before depriving that person of a property or liberty interest."" *Daily Servs., LLC v Valentino*, 756 F.3d 893, 904 (6th Cir. 2014) (quoting *Warren v City of Athens, Ohio,* 411 F.3d 697, 708 (6th Cir. 2005)).

60.  Defendant Robert, in her official capacity, deprived Plaintiff Davis of his property interests of having the right to file an appeal in the appropriate circuit court as Mich. Comp. Laws§ 15.240(1) permits, as well as deprived Plaintiff Davis of his property interests to receive the public documents he so requested in his February 9th FOIA Request by enforcing Michigan's FOIA's prohibition against incarcerated persons to Plaintiff Davis' February 9th FOIA Request.  (See Plaintiff's affidavit attached hereto as Exhibit A).

61.  A legal cause of action is a protected property interest. *Logan v Zimmerman Brush Co.*, 455 U.S. 422, 428, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982) (citing *Mulane v Cent. Hanover Bank and Trust Co.,* 399 U.S. 306 (1950)).

62.  Moreover, "[i]t is well-established that possessory interests in property invoke procedural due process protections." *Thomas v Cohen*, 304 F.3d 563, 576 (6th Cir. 2002) (citation omitted).

63.  Under Michigan's FOIA, Plaintiff Davis had the statutory right to appeal Defendant Robert's decision either to the circuit court or directly to the Michigan State Treasurer.

64.  Additionally, under Michigan's FOIA, Plaintiff Davis had a statutory right to receive copies of the public documents he so requested in his February 9th FOIA Request.

65.  "Property interests protected by the due process clause must be more than abstract desires for or attractions to a benefit.  The due process clause protects only those interests to which one has a legitimate claim of entitlement.  This has been defined to include any significant property interests... including statutory entitlements."  *Hamilton v Myers*, 281 F.3d 520, 529 (6th Cir. 2002) (internal citations and quotation marks omitted).

66.  Plaintiff Davis' right to appeal Defendant Robert's decision to the appropriate circuit court and Plaintiff Davis' right to receive public documents are protected property interests that invoke procedural due process rights under the Fourteenth Amendment.

66.  Plaintiff Davis was deprived of these property rights without prior notice and/or hearing.

## COUNT III
## 42 U.S.C. § 1983

<u>Violation First Amendment Right To Petition For Redress Of Grievances And
Mich. Const. 1963, Art. 9, § 23 Defendant Robert, In Her Official Capacity,
Violated Plaintiff's First Amendment Right To Petition Government for Redress of
Grievances and Mich. Const. 1963, art. 9, § 23.</u>

67.  Plaintiff re-alleges and incorporates by reference the allegations contained
in the previous paragraphs as if they were fully set forth and stated herein.

68.  On April 8, 2015, Plaintiff Davis sent, via certified mail, to Defendant
Robert a NEW FOIA Request seeking financial documents in accordance with
Mich. Const. 1963, art. 9, § 23 ("NEW FOIA Request").  (See Plaintiff Davis'
NEW FOIA Request dated April 8, 2015 attached hereto as Exhibit I).

69.  On April 24, 2015, Plaintiff Davis received, via first class mail, a response
dated April 16, 2015 from Defendant Robert advising Plaintiff Davis that pursuant
to Mich. Comp. Laws §15.231(2) and §15.232(c) of Michigan's FOIA "that an
individual incarcerated in a state, county, local or federal correctional facility is not
granted access to public records under the Freedom of Information Act."  (See
Defendant Robert's April 16, 2015 response to Plaintiff Davis' NEW FOIA
Request attached hereto as Exhibit J).

70.  Defendant Robert's decision to enforce the Michigan's FOIA's prohibition
against incarcerated individuals to Plaintiff Davis' NEW FOIA Request violated
Plaintiff Davis' First Amendment Right to Petition Government for Redress of
Grievances.

71.  As noted above, Plaintiff Davis did not forfeit his First Amendment Constitutional Right to Petition the Government for Redress of Grievances when he began serving his 18-month sentence at FPC Montgomery.

72.  Therefore, Plaintiff Davis retained his First Amendment Constitutional Right to Petition the Government for Redress of Grievances, in this case the Michigan Department of Treasury.

73.  Additionally, Michigan's FOIA's prohibition against incarcerated persons from enjoying the rights and privileges of the statute violates Mich. Const. 1963, art. 9, § 23, which requires certain financial documents to be available for public inspection, regardless of whether the person is incarcerated or not.

## COUNT IV
## State-Law Claim

Michigan's FOIA Requires Defendant Robert, In Her Official Capacity As the FOIA Coordinator for the Michigan Department of Treasury, To Waive All Costs and Fees Associated With the Production and Search of the Public Documents Requested By Plaintiff In His February 9th FOIA Request.

74.  Plaintiff re-alleges and incorporates by reference the allegations contained in the previous paragraphs as if they were fully set forth and stated herein.

75.  Contrary to Defendant Robert's position, Michigan's FOIA requires that all costs and fees associated with the production and search for the public documents requested by Plaintiff Davis in his February 9th FOIA Request be waived.

76.  Mich. Comp. Laws§ 15.234(3) states in pertinent part:

(3)..... A fee shall not be charged for the costs of search, examination, review, and the deletion and separation of exempt from nonexempt information as provided in section 14 unless failure to charge a fee would result in unreasonably high costs to the public body because of the nature of the request in the particular instance, and the public body specifically identifies the nature of these unreasonably high costs. A public body shall establish and publish procedures and guidelines to implement this subsection.

77. The Michigan Department of Treasury has not identified the nature of these unreasonably high costs that Plaintiff Davis' February 9th FOIA Request would cause. Furthermore, the Michigan Department of Treasury has failed to establish and publish any procedures and guidelines to implement the provisions of Mich. Comp. Laws§ 15.234(3).

78. Accordingly, pursuant to Mich. Comp. Laws§ 15.234(3), all fees and costs associated with the search, examination, and review of the public documents Plaintiff Davis requested in his February 9th FOIA Request shall be waived by the Defendant Robert.

## <u>COUNT V</u>
## <u>42 U.S.C. 1983</u>
## <u>First Amendment Retaliation Claim</u>

<u>Defendant Robert, in her individual capacity, Retaliated Against Plaintiff Davis for Exercising His First Amendment Rights By Intentionally and Purposely Delaying Issuing A Response To Plaintiff Davis' February 9th FOIA Request</u>.

79. Plaintiff re-alleges and incorporates by reference the allegations contained in the previous paragraphs as if they were fully set forth and stated herein.

80. Prior to his incarceration, Plaintiff Davis successfully sued Defendant Robert, the Michigan Department of Treasury, and the former State Treasurer for violations of Michigan's Open Meetings Act ("OMA") and Michigan's FOIA in Ingham County Circuit Court, as well as Wayne County Circuit Court. (See Plaintiff's affidavit attached hereto as Exhibit A).

81. As a result of those successful litigations, a lot of media publicity was generated in which Plaintiff Davis publicly criticized the unlawful actions of the former State Treasurer and the staff of the Michigan Department of Treasury, including Defendant Robert. (See Plaintiff's affidavit attached hereto as Exhibit A).

82. As a result of Plaintiff Davis exercising his First Amended Rights of Petitioning the Government for Redress of Grievances (filing lawsuits) and Freedom of Speech (publicly criticizing state treasury officials), Defendant Robert retaliated against Plaintiff Davis by purposely and intentionally delaying issuing an official response to Plaintiff Davis' February 9th FOIA Request. (See Plaintiff's affidavit attached hereto as Exhibit A).

83. It is Plaintiff Davis' belief that Defendant Robert's assumed that if she delayed issuing an official response to Plaintiff Davis' February 9th FOIA Request,

Plaintiff Davis would not be able to receive any of the public documents requested because Plaintiff Davis would be incarcerated beginning March 13, 2015, and thus the prohibition against incarcerated persons set forth under Michigan's FOIA would be applied.  (See Plaintiff's affidavit attached hereto as Exhibit A).

84.  As further proof and evidence of Defendant Robert's retaliatory behavior, as noted above, Defendant Robert failed to return any of Plaintiff Davis' numerous telephone messages left at Defendant Robert's office regarding the Michigan Department of Treasury's official response to Plaintiff Davis' February 9th FOIA Request.  Additionally, Defendant Robert failed to respond to Plaintiff Davis' March 5, 2015 email.  (See Plaintiff's affidavit attached hereto as Exhibit A).

85.  Plaintiff Davis shall be awarded damages in excess of $50,000 for Defendant Robert's unconstitutional and retaliatory behavior.

## COUNT VI
## Injunctive Relief

86.  Plaintiff re-alleges and incorporates by reference the allegations contained in the previous paragraphs as if they were fully set forth and stated herein.

87.  Plaintiff seeks to enjoin, preliminarily and permanently, Defendant Robert from enforcing Michigan's FOIA's prohibition against incarcerated persons from exercising the rights and privileges of the Michigan FOIA statute for it violates the First and Fourteenth Amendments of the United States Constitution.

## COUNT VII
## 42 U.S.C. § 1983
## First Amendment Retaliation Claim

Defendant Sue Hall, In Her Official Capacity As A Duly Appointed Member of the Wayne County Airport Authority, Retaliated Against Plaintiff For Exercising His First Amendment Rights.

88.  Plaintiff re-alleges and incorporates by reference the allegations contained in the previous paragraphs as if they were fully set forth and stated herein.

89.  In October 2011, Plaintiff Davis successfully sued Defendant Sue Hall ("Defendant Hall"), the Wayne County Airport Authority and the Wayne County Airport Authority Board in Wayne County Circuit Court for blatantly violating Michigan's Open Meetings Act ("OMA") with the hiring of Turkia Mullin, the former CEO of the Wayne County Airport Authority.   (See Plaintiff's affidavit attached hereto as Exhibit B).

90.  A lot of media publicity came about as a result of Plaintiff Davis' OMA lawsuit against Defendant Hall and the Wayne County Airport Authority Board.

91.  Plaintiff Davis publicly criticized Defendant Hall in various media interviews because discovery documents revealed that Defendant Hall secretly negotiated the terms of Turkia Mullin's controversial severance agreement in secret and behind closed doors on behalf of the Wayne County Airport Authority Board in violation of Michigan's OMA.

92.  As noted above, in June 2012, Plaintiff Davis was selected by Michigan AFSCME Council 25 President, Al Garrett, to represent AFSCME at Harvard University's prestigious Senior Executives in State and Local Government Program, held at Harvard University's Kennedy School of Government.  (See Plaintiff's affidavit attached hereto as Exhibit B).

93.  Unbeknownst to Plaintiff Davis, Defendant Hall was also scheduled to attend the Harvard University's Senior Executives in State and Local Government Program, during the same time (June 2012) as Plaintiff Davis.  (See Plaintiff's affidavit attached hereto as Exhibit B).

94.  During the first day of the program, all of the participants were required to stand up and give a brief introduction of themselves and give their title, position, and where they were from.

95.  During the introductions, Plaintiff Davis introduced himself as a union activist, and spoke about some of the successful lawsuits he filed that exposed public corruption.  Specifically, Plaintiff Davis pointed out that Defendant Hall was one of the public officials whose corruption he had exposed.  (See Plaintiff's affidavit attached hereto as Exhibit B).

96.  When it was time for Defendant Hall to give her introductory speech, Defendant Hall introduced herself as a duly appointed member of the Wayne County Airport Authority Board and attempted to rebuff Plaintiff Davis' statement

regarding her alleged unlawful conduct. Defendant Hall during her introductory speech described Plaintiff Davis as a "nuisance" and as a person who files "frivolous lawsuits". (See Plaintiff's affidavit attached hereto as Exhibit B).

97. During the second day of the Harvard University program, Plaintiff Davis and the other participants in the Harvard University program, including Defendant Hall, went to a local restaurant/bar to eat and to have some drinks in an effort to get to know one another. (See Plaintiff's affidavit attached hereto as Exhibit B).

98. During this night out, after having a few drinks, Defendant Hall started harassing and threatening Plaintiff Davis. Specifically, Defendant Hall declared that she was going to get Plaintiff Davis "kicked out" of the Harvard University program. (See Plaintiff's affidavit attached hereto as Exhibit B).

99. At the end of the third day of the Harvard University program, the director of the program asked Plaintiff Davis to stay behind because he needed to speak to Plaintiff Davis about an important matter. (See Plaintiff's affidavit attached hereto as Exhibit B).

100. Plaintiff Davis was told by the director of the program one of the participants in the program had brought to his attention that Plaintiff Davis was recently indicted for alleged wrongdoing while an elected member of the Highland Park Board of Education. Plaintiff Davis attempted to explain to the director of the program that Plaintiff Davis' indictment was known by the organizers and sponsors

of the program prior to Plaintiff Davis flying to Harvard University, which was why Plaintiff Davis was allowed to participate. (See Plaintiff's affidavit attached hereto as Exhibit B).

111. However, Plaintiff Davis was advised by the director of the Harvard University program that he could no longer participate in the program and that he would have to leave. (See Plaintiff's affidavit attached hereto as Exhibit B).

112. A week or so later, Plaintiff Davis was contacted by a reporter from The Detroit News and/or Free Press seeking a comment from Plaintiff Davis regarding his departure from the Harvard University program. The reporter informed Plaintiff Davis that he had received a tip from Defendant Hall regarding Plaintiff Davis' departure from the Harvard University program. (See Plaintiff's affidavit attached hereto as Exhibit B).

113. Plaintiff Davis did not provide the newspaper reporter with a comment and a brief story ran a day or so later in The Detroit News and/or Free Press. Plaintiff Davis was caused great embarrassment and injury as a result of Defendant Hall's retaliatory actions. (See Plaintiff's affidavit attached hereto as Exhibit B).

114. During the 2014 Golf Outing for the Wayne County Sherriff, Defendant Hall, visibly intoxicated, further harassed Plaintiff Davis by stating out loud in front of other elected and appointed officials that Plaintiff Davis owed Defendant Hall $50,000. (See Plaintiff's affidavit attached hereto as Exhibit B).

115.  Defendant Hall also retaliated against Plaintiff Davis by interfering with contract negotiations for AFSCME Local 953, which is the local union that represents a vast majority of employees at the Wayne County Airport Authority. Plaintiff Davis was AFSCME Local 953's staff representative and chief negotiator from 2012 until September 18, 2014.

116.  "A plaintiff, in order to succeed on a First Amendment retaliation claim, must demonstrate the following: (1) that [he] was engaged in a constitutionally protected activity; (2) that the defendant's adverse action caused the plaintiff to suffer n injury that would likely chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the adverse action was motivated at least in part as a response to the exercise of the plaintiff's constitutional rights." *Adair v Charter County of Wayne*, 452 F.3d 482, 492 (6th Cir. 2006) (quoting *Strouss v Michigan Dep't of Corrections*, 250 F.3d 336, 345 (6th Cir. 2001)).

117.  Plaintiff Davis has satisfied each of the aforementioned elements.

118.  Plaintiff Davis shall be awarded damages in excess of $100,000 as a result of Defendant Hall's unconstitutional and unlawful retaliatory behavior that caused Plaintiff Davis great injury.

## COUNT VIII
## 42 U.S.C. § 1988

### Plaintiff Shall Be Awarded Attorney Fees and Costs.

119.  Plaintiff re-alleges and incorporates by reference the allegations contained in the previous paragraphs as if they were fully set forth and stated herein.

120.  Plaintiff Davis shall be awarded his attorney fees and costs pursuant to 42 U.S.C. § 1988 for any relief granted for any of the counts properly pled and alleged above. See *Deja Vu of Nashville Inc v Metro Gov't  of Nashville and Davison County*, 421 F.3d 417 (6th Cir. 2005); and see also *Berger v City of Mayfield Heights*, 265 F.3d 399, 406-407 (6th Cir. 2001).

## <u>CONCLUSION AND PRAYER FOR RELIEF</u>

WHEREFORE, for the foregoing reasons, Plaintiff Davis PRAYS that this Honorable Court grants the requested relief as follows:

A.  Issue a declaratory judgment declaring that Defendant Robert's enforcement of Michigan's FOIA's prohibition against incarcerated persons to Plaintiff Davis' February 9th FOIA Request violated Plaintiff Davis' First Amendment Right To Petition Government For Redress of Grievances.

B.  Issue a declaratory judgment declaring that Defendant Robert's enforcement of Michigan's FOIA's prohibition against incarcerated persons to Plaintiff Davis' February 9th FOIA Request violated Plaintiff Davis' Procedural Due Process Rights as Guaranteed under the Fourteenth Amendment.

C.  Issue a declaratory judgment declaring that Defendant Robert's enforcement of Michigan's FOIA's prohibition against incarcerated persons to Plaintiff Davis' NEW FOIA Request dated April 8, 2015 violated Plaintiff

Davis' First Amendment Right to Petition Government for Redress of Grievances and violates Mich. Const. 1963, art. 9, § 23.

 D. Issue a declaratory judgment declaring that Defendant Robert must waive all fees and costs associated with the production of the public documents Plaintiff Davis requested in his February 9th FOIA Request.

 E. Issue a declaratory judgment that Defendant Robert, in her individual capacity, retaliated against Plaintiff Davis for exercising his First Amendment Rights and award Plaintiff Davis damages in excess of $50,000.

 F. Issue a declaratory judgment that Defendant Hall, in her official capacity, retaliated against Plaintiff Davis for exercising his First Amendment Rights and award Plaintiff Davis damages in excess of $100,000.

 G. Issue injunctive relief enjoining Defendant Robert from enforcing Michigan's FOIA's prohibition against incarcerated persons.

 H. Award Plaintiff Davis attorney fees and costs pursuant to 42 U.S.C. 1988.

 I. Grant any further relief the Court deems appropriate, just and proper.


Dated:  June 3, 2015    Respectfully submitted,

       /s/ ANDREW A. PATERSON

       _____

       ANDREW A. PATERSON (P18690)