UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT TREVOR-BLAIR
DAVIS, SR.,

        Plaintiff,                               Civil Action No. 15-CV-12076
vs.                                               HON. MARK A. GOLDSMITH

CARLA ROBERT and SUZANNE
HALL,

        Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AGAINST DEFENDANT ROBERT (Dkt. 5)

### I. INTRODUCTION

Plaintiff Robert Davis, Sr. ("Davis") filed this lawsuit against Defendants Carla Robert ("Robert") and Suzanne Hall alleging various violations of Davis's constitutional rights. Davis seeks (i) declaratory judgments that Defendants have violated his rights under the First Amendment as well as his procedural due process rights under the Fourteenth Amendment through various alleged actions; (ii) a declaratory judgment that a provision of Michigan's Freedom of Information Act ("FOIA"), Mich. Comp. Laws § 15.232(c), excluding incarcerated individuals from the privileges of FOIA violates Davis's First Amendment rights, both facially and as applied to Davis; and (iii) a permanent injunction enjoining Robert from enforcing that exclusion against incarcerated individuals. See Am. Compl. ¶¶ 2-8 (Dkt. 21). Shortly after filing his suit, Davis moved for a preliminary injunction against Robert, the officer charged with responding to FOIA requests at the Michigan Department of Treasury. See Pl. Mot. for Prelim. Inj. (Dkt. 5). Specifically, Davis asks the Court to "enjoin Defendant Robert from further enforcing against the Plaintiff, the unconstitutional provisions of Michigan FOIA," id. at 8,

1

thereby "permitting [Davis] to exercise his rights under Michigan FOIA," id. at 22.  As explained fully below, the Court declines Davis's request, because Davis has not demonstrated a likelihood of success on the merits of his claims against Robert, and no other consideration weighs in favor of issuing a preliminary injunction.

## II.  BACKGROUND

On September 2, 2014, Davis pled guilty to two criminal charges:  unlawful conversion of program funds and filing a false tax return.  Pl. Mot. for Prelim. Inj. at 3.  On December 18, 2014, Plaintiff was sentenced to serve 18 months in federal prison.  Id.  On February 9, 2015, in the interim between sentencing and reporting to serve his sentence, Davis submitted a FOIA request to Michigan's Department of Treasury (the "Department").  Id. at 4; see also 2/9/2015 FOIA Request, Ex. C to Compl., at 7 of 26 (cm/ecf page) (Dkt. 4).  Davis received a response to the request, dated March 4, 2015, on March 11, 2015.  Pl. Mot. for Prelim. Inj. at 5.  The response indicated that Davis's request had been granted as to those non-exempt public items within the Department's possession, and denied as to those items not within the Department's possession.  Id. at 5-6; see also 3/4/2015 Letter, Ex. E to Compl., at 13 of 26 (cm/ecf page) (Dkt. 4).  The response also requested a good faith deposit in the amount of $360.51, which comprised half of the estimated fee for searching for and producing the requested documents.  3/4/2015 Letter at 14 of 26 (cm/ecf page).  The Department stated that it would begin processing Davis's request upon receipt of the deposit.  Id.

Two days later, on March 13, 2015, Davis self-reported to a federal prison camp to serve his sentence.  Pl. Mot. for Prelim. Inj. at 3.  From the prison camp, Davis emailed Robert inquiring about (i) his right to receive the documents requested in his February FOIA request; (ii) his right to appeal the denial of his February FOIA request; and (iii) a waiver of the

assessment of fees and costs, given Davis's current incarceration. Id. at 6; see also 4/21/2015 Letter, Ex. F to Compl., at 16 of 26 (cm/ecf page) (Dkt. 4). In response, Robert informed Davis of FOIA's exclusion of incarcerated individuals. Pl. Mot. for Prelim. Inj. at 6-7; 5/5/2015 Letter, Ex. G to Compl., at 18 of 26 (cm/ecf page) (Dkt. 4). Davis sent a follow-up letter to Robert, explicitly inquiring whether, in light of his incarceration, Davis retained his right to appeal the denial of his FOIA request and/or the Department's request for a good-faith deposit. Pl. Mot. for Prelim. Inj. at 7; 5/18/2015 Letter, Ex. H to Compl., at 20 of 26 (cm/ecf page) (Dkt. 4). In her response, Robert clarified that the Department's initial March 4 response was not in fact a partial denial, and, therefore, did not include information about Davis's appeal rights; rather, it provided only a cost estimate for processing the request. 6/1/2015 Letter, Ex. K to Compl., at 26 of 26 (cm/ecf page) (Dkt. 4). The letter further stated that, while incarcerated, Davis would be "unable to invoke any rights under the FOIA, including the right to request records, the right to appeal denials, or the right to file a civil action." Id.; Pl. Mot. for Prelim. Inj. at 7.

Shortly thereafter, Davis filed this lawsuit, contending that Robert's enforcement of FOIA's exclusion of incarcerated individuals violated Davis's First Amendment right to petition the government for a redress of grievances as well as his Fourteenth Amendment procedural due process rights. This motion followed, arguing that it is necessary to enjoin Robert from further enforcing the exclusion against Davis.[1]

---

[1] It appears that Davis submitted a second FOIA request after he had begun serving his prison term, dated April 8, 2015. See Def. Robert Resp. at 4 (Dkt. 11); see also 4/8/2015 Letter, Ex. I to Compl., at 22 of 26 (cm/ecf page) (Dkt. 4). However, this second request does not appear to be the subject of Plaintiff's instant motion for preliminary injunction, as Plaintiff does not reference this second request in his motion or request that Robert be enjoined from enforcing FOIA's exclusion of incarcerated individuals with respect to this second request.

### III. ANALYSIS

Whether a preliminary injunction is warranted rests on four factors: (i) whether the plaintiff has a substantial likelihood of success on the merits of his claim; (ii) whether the plaintiff will suffer irreparable injury in the absence of an injunction; (iii) whether the injunction would cause substantial harm to others; and (iv) whether the public interest is served by the injunction. Liberty Coins, LLC v. Goodman, 748 F.3d 682, 689-690 (6th Cir. 2014). Generally, these factors are balanced against one another, and no single factor is a prerequisite for an injunction. Id. at 690. When a plaintiff alleges a First Amendment violation, however, the focus shifts decidedly to the first factor — the likelihood of success on the merits — and the remaining three factors "often hinge on this first factor." Id. Similarly, for other alleged constitutional violations, such as a procedural due process claim, the first factor is often the determinative one. City of Pontiac Retired Emps. Assoc. v. Schimmel, 751 F.3d 427, 430 (6th Cir. 2014) (per curiam) (en banc). Here, Davis does not have a strong likelihood of success on either his First Amendment claim or his procedural due process claim. The remaining three factors likewise do not weigh in favor of issuing an injunction.

**A. Likelihood of Success on the Merits**

**1. Davis's First Amendment Claim**

Davis "wishes to file a FOIA lawsuit in the appropriate circuit court or file a direct appeal with the State Treasurer challenging Defendant Robert's subsequent denial of Plaintiff Davis' February 9th FOIA Request, and the initial assessment of fees and costs for the process of locating the documents." Pl. Mot. for Prelim. Inj. at 11. He contends that he has the right to do so pursuant to the First Amendment right to petition the government for a redress of grievances. Id. at 9. He further contends that Robert, in applying the incarcerated-individuals exemption against Plaintiff even though he was not incarcerated at the time he submitted the request,

4

"plainly" violated this right. Id. at 12-13. Or, more specifically, "Defendant Robert's June 1, 2015 letter, which emphatically states: '<u>for the remainder of your incarceration, you are unable to invoke any rights under the FOIA, including the right to request records, the right to appeal denials, or the right [to] file a civil action</u>;' directly violates Plaintiff Davis' First Amendment Right to Petition the Government for Redress of Grievances." Id. at 14 (emphasis in original). Thus, Davis is challenging the statement contained in Robert's letter.

However, Davis's logic contains a fatal flaw: Robert's statement was just an expression of her opinion regarding the applicability of the FOIA statute and has not impeded Davis's ability to do anything, including filing a lawsuit in state circuit court or appealing Davis's decision to the State Treasurer. Offering an opinion as to what Davis's legal rights are does not amount to an interference with those rights. Davis has not provided the Court with any authority that a government official's opinion is an impediment to the right to petition the government for redress and/or file a lawsuit, and the Court is aware of none. Nor has Davis supplied any facts demonstrating that Robert's letter did, somehow, prevent him from exercising his right to petition. Because Defendant Robert has not interfered with any protected First Amendment activity in which Davis wishes to engage, Davis has little likelihood of succeeding on his First Amendment claim. This factor counsels against issuing any preliminary injunction.

To the extent that Davis is requesting a preliminary injunction against enforcement of FOIA's incarcerated-individuals exclusion in toto, Davis's First Amendment challenge to that exclusion also carries little chance of success. This issue has already been addressed by the Fourth Circuit, Giarratano v. Johnson, 521 F.3d 298, 305-306 (4th Cir. 2008), and the Michigan Court of Appeals, Proctor v. White Lake Township Police Department, 639 N.W.2d 332, 337-339 (Mich. Ct. App. 2001). The Court sees no reason to depart from the reasoning of those

courts — i.e., that a prisoner's constitutional right to access the courts encompasses only the ability to challenge his sentence or his conditions of confinement, and does not extend to the right to access government information. Giarratano, 521 F.3d at 305-306; Proctor, 639 N.W.2d at 337-338 (emphasizing that "FOIA provisions themselves are not of constitutional moment").

Davis attempts to distinguish Proctor on two grounds: (i) that the Proctor plaintiff's FOIA request was submitted while he was a prisoner, whereas Davis submitted his FOIA request prior to his incarceration; and (ii) the Proctor plaintiff asserted different constitutional arguments than what Davis asserts here. Pl. Mot. for Prelim. Inj. at 18-19.

However, Davis presents no argument as to why the analysis would turn on whether an individual was incarcerated at the time he submitted the request or became incarcerated at some point thereafter. A criminal conviction and the resulting incarceration typically trigger loss of rights while the individual is incarcerated and even after the individual's release. That an individual may have exercised some right or privilege prior to his incarceration does not militate that the government must continue to afford him those same rights or privileges once the individual is incarcerated. For example, a convicted felon, although duly registered to vote before conviction, will lose the right to vote thereafter. Similarly, continued possession of a firearm will no longer be lawful after a felony conviction. Thus Proctor is not distinguishable on the grounds that Davis had initiated the FOIA process when he was legally entitled to do so.

As to Davis's second point, the Court infers that he is referring to the fact that Davis is asserting a First Amendment right to petition the courts by filing a lawsuit, whereas the Proctor plaintiff raised only an "access to courts" claim. Plaintiff presents no argument why the Court's analysis should draw a distinction between these two characterizations of what is essentially the

same right under the umbrella of the First Amendment, nor has he presented any authority supporting such a distinction.

Therefore, to the extent Plaintiff is challenging the prisoner exclusion under FOIA, he is not likely to succeed.

### 2. Davis's Procedural Due Process Claim

To assert a procedural due process claim, a plaintiff must demonstrate that: (i) he has a life, liberty, or property interest protected by the Due Process Clause; (ii) he was deprived of that interest; and (iii) the state did not afford him sufficient procedural rights before effecting the deprivation. EJS Props., LLC v. City of Toledo, 698 F.3d 845, 855 (6th Cir. 2012).

Davis appears to claim two distinct property interests: first, a property interest in the "right to file an appeal in the appropriate circuit court"; and second, a property interest in "receiv[ing] the public documents he so requested in his February 9th FOIA Request." Pl. Mot. for Prelim. Inj. at 17. He asserts that he was entitled to "notice and a hearing prior to Defendant Robert unlawfully stripping Plaintiff Davis of his statutory right to receive those public documents requested." Id. at 18; see also Pl. Reply Br. at 6.

Regarding Davis's first claimed interest, as discussed above, Robert has done nothing to prohibit or otherwise prevent Davis from filing a lawsuit in a circuit court. Accordingly, even assuming Davis had a property interest in the cause of action, he has failed to demonstrate a deprivation of that interest.

Regarding Davis's second claimed interest, Davis fails to appreciate that Robert is not the cause of his alleged deprivation. It is the statute — not her action — that has deprived him of access to the documents he seeks. Thus his attack is not properly one for a procedural due process violation; the lack of adequate process has caused him no harm. Hunter v. Hamilton

Cnty. Bd. of Elections, 850 F. Supp. 2d 795, 846-847 (S.D. Ohio 2012) (in rejecting procedural due process claim, holding that "the harm that Plaintiffs allege is the direct result of the Ohio statutes in question, not the lack of process," and explaining "[i]t would be superfluous" to order notice and opportunity to be heard when state law prevents the government from providing the relief the allegedly harmed individual seeks); Wesaw v. City of Lancaster, No. 22005CV0320, 2005 WL 3448034, at *3 (S.D. Ohio Dec. 15, 2005) (in dismissing claims under the Fourteenth Amendment, holding that "plaintiffs' allegations do not support an inference that plaintiffs suffered harm as a result of any lack of procedural safeguards").

Accordingly, there is minimal likelihood of success on Davis's claim that Robert's enforcement of the incarcerated-individuals exclusion violated his procedural due process rights.

### B. Irreparable Harm to Davis

Given the Court's conclusion that there is little weight to Davis's constitutional claims, there is also little indication that Davis will be subject to irreparable injury without the Court's intervention. See McNeilly v. Land, 684 F.3d 611, 621 (6th Cir. 2012) ("Because McNeilly does not have a likelihood of success on the merits . . . his argument that he is irreparably harmed by the deprivation of his First Amendment rights also fails."); Mich. Rehab. Clinic Inc., P.C. v. City of Detroit, 310 F. Supp. 2d 867, 871 (E.D. Mich. 2004) ("[H]ere plaintiffs have failed to show a likelihood of success on a constitutional claim, so no finding of irreparable harm is mandated."). Davis has not identified any other type of harm he will suffer in the absence of a preliminary injunction, let alone an irreparable one. See Obama for Am. v. Husted, 697 F.3d 423, 436 (6th Cir. 2012) (harm is irreparable when it is not fully compensable by money damages). Therefore, this factor weighs against a preliminary injunction.

### C. Harm to Others and the Public Interest

An injunction enjoining Robert from enforcing FOIA's exclusion against Davis would bypass the procedural mechanisms already in place for adjudicating disputes under FOIA. This would subject state officials to disruptive and costly litigation in place of the procedures crafted by the statute for this very purpose. This would frustrate the public policy underlying FOIA and would also project federal involvement into a purely State matter. The harm to state officials and the public interest from issuance of an injunction is patent.

### IV. CONCLUSION

For all of the above reasons, Davis's motion for preliminary injunction as to Defendant Robert only (Dkt. 5) is denied.

SO ORDERED.

Dated: March 21, 2016         s/Mark A. Goldsmith
   Detroit, Michigan         MARK A. GOLDSMITH
       United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 21, 2016.

       s/Karri Sandusky
       Case Manager