UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT TREVOR-BLAIR DAVIS,
Sr.,

     Plaintiff,               No. 2:15-cv-12076

v                          HON. MARK A. GOLDSMITH

CARLA A. ROBERT, in her        MAG. DAVID R. GRAND
individual and official capacity as
the FOIA Coordinator for the
Michigan Department of Treasury,    **DEFENDANT ROBERT'S**
and SUE HALL, in her official      **CORRECTED MOTION FOR**
capacity as a duly appointed       **SUMMARY JUDGMENT AS**
member of the Wayne County      **TO COUNTS I – VI and VIII**
Airport Authority,

     Defendants.
_____

Andrew A. Paterson, Jr. (P18690)
Attorney for Plaintiff
46350 Grand River Avenue
Novi, MI 48374
(248) 568-9712
aap43@hotmail.com
_____

Erik A. Grill (P64713)
James J. Kelly (P72111)
Attorneys for Defendant Carla Robert
Michigan Department of Attorney General
Civil Litigation, Employment & Elections Division
P. O. Box 30736
Lansing, MI 48909
(517) 373-6434
grille@michigan.gov
_____/

Defendant Carla Robert moves for summary judgment under Fed. R. Civ. P. 12(b)(6) because Plaintiff Robert Davis has failed to state any claim against her, stating:

1.     Davis cannot access government records through Michigan's Freedom of Information Act (FOIA) because he was serving a sentence of incarceration at a federal prison, not because of Defendant Robert's actions.  Mich. Comp. Laws § 15.232(c), Mich. Comp. Laws § 15.233(1).

2.     Davis has no constitutional or federal statutory right to invoke Michigan's FOIA.

3.     Violation of a state law cannot support a claim under 42 U.S.C. §1983, so even if Defendant Robert had violated Davis's rights under Michigan's FOIA, Davis still has not stated a claim.

4.     Davis's claims are barred by immunity under the Eleventh Amendment.

5.     Davis's claims for injunctive relief, attorney fees, and costs are derivative of his other claims, but since he did not properly state those claims, his claims for injunctive relief, attorney fees, and costs should be dismissed for the same reasons.

2

6.     I, Erik A. Grill, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

7.     In compliance with L.R. 7.1(a), concurrence in the relief sought in this motion was sought from opposing counsel in a conference held on April 5, 2016, during which counsel discussed the nature of the motion and legal basis, but concurrence was denied.

Respectfully submitted,

Bill Schuette
Attorney General


*/s/Erik A. Grill*
Erik A. Grill (P64713)
James J. Kelly (P72111)
Assistant Attorneys General
Attorneys for Defendant
Carla Robert
P. O. Box 30736
Lansing, MI 48909
(517) 373-6434
Dated:  April 6, 2016                        grille@michigan.gov

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ROBERT TREVOR-BLAIR DAVIS,
Sr.,

      Plaintiff,                    No. 2:15-cv-12076

v                             HON. MARK A. GOLDSMITH

CARLA A. ROBERT, in her
individual and official capacity as     MAG. DAVID R. GRAND
the FOIA Coordinator for the
Michigan Department of Treasury,
and SUE HALL, in her official       **BRIEF IN SUPPORT OF**
capacity as a duly appointed        **DEFENDANT ROBERT'S**
member of the Wayne County        **CORRECTED MOTION FOR**
Airport Authority,               **SUMMARY JUDGMENT AS**
                            **TO COUNTS I – VI AND VIII**
      Defendants.

_____

Andrew A. Paterson, Jr. (P18690)
Attorney for Plaintiff
46350 Grand River Avenue
Novi, MI 48374
(248) 568-9712
aap43@hotmail.com

_____

Erik A. Grill (P64713)
James J. Kelly (P72111)
Attorneys for Defendant Carla Robert
Michigan Department of Attorney General
Civil Litigation, Employment & Elections Division
P. O. Box 30736
Lansing, MI 48909
(517) 373-6434
grille@michigan.gov

_____/

# TABLE OF CONTENTS

Page

Table of Contents ..................................................................................ii

Statement of Facts ................................................................................1

    Prisoners have no rights under Michigan's FOIA. ..........................1

    Davis is a prisoner who lost his rights under Michigan's
        FOIA because of the crimes he committed. ...........................3

Argument...............................................................................................5

I.    Davis has plead claims arising under the First Amendment,
    the Fourteenth Amendment, and Michigan state law.  These
    claims are unsupported by law and frivolous.  This Court
    should grant summary judgment and dismiss Defendant
    Robert. .......................................................................................5

    A.    Counts I and III – Mich. Comp. Laws § 15.232(c)'s
        exclusion of prisoners from those who may invoke
        Michigan's FOIA does not violate the First
        Amendment. ....................................................................6

    B.    Count II – Mich. Comp. Laws § 15.232(c)'s exclusion of
        prisoners from those who may invoke Michigan's FOIA
        does not violate the Fourteenth Amendment's Due
        Process Clause.................................................................10

    C.    Count IV – Violation of a state law cannot support a
        claim under 42 U.S.C. §1983. .........................................13

    D.    Count V – Defendant Robert did not retaliate against
        Davis for exercising First Amendment rights by
        delaying a response to his FOIA request.  Defendant
        Robert responded timely. ...............................................14

    E.    Counts VI and VIII – Davis's claims for injunctive
        relief, attorney fees, and costs are derivative of his

other claims.  They should be dismissed for the same
reasons.................................................................................18

F.    Davis' claims are barred by immunity. ...............................19

Conclusion and Relief Requested.............................................................21

Certificate of Service (e-file)...................................................................22

## CONCISE STATEMENT OF ISSUES PRESENTED

1.  Counts I and III; Whether Mich. Comp. Laws § 15.232(c)'s exclusion of prisoners from those who may invoke Michigan's FOIA violates the First Amendment?

2.  Count II; Whether Mich. Comp. Laws § 15.232(c)'s exclusion of prisoners from those who may invoke Michigan's FOIA violates the Fourteenth Amendment's Due Process Clause?

3.  Count IV; Whether the Violation of a state law can support a claim under 42 U.S.C. §1983?

4.  Count V; Whether Defendant Robert retaliated against Davis for exercising First Amendment rights where Defendant Robert responded timely?

5.  Counts VI and VIII; Whether Davis's claims for injunctive relief, attorney fees, and costs are derivative of his other claims and should therefore be dismissed for the same reasons?

6.  Whether Davis' claims are barred by immunity?

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

<u>*Authority*</u>:

*Lewis v. Casey*, 518 U.S. 343, 355; 116 S. Ct. 2174; 135 L.Ed.2d 606 (1996)

*Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999)

*Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir 2003)

*Scarbrough v. Morgan County Bd of Educ*, 470 F3d 250, 255 (6th Cir. 2006)

*Anderson v. Creighton,* 483 U.S. 635, 640 (1987)
Mich. Comp. Laws § 15.232(c)

Mich. Comp. Laws § 15.233(1)

Mich. Comp. Laws § 15.240

42 U.S.C. §1983

**STATEMENT OF FACTS**

On June 8, 2015, Plaintiff Robert Davis filed a complaint for declaratory and injunctive relief against Defendant Carla Robert, raising a number of constitutional challenges to an amendment to Michigan's Freedom of Information Act (FOIA), Mich. Comp. Laws § 15.231 *et seq.* (R. 1, Compl., Pg ID #1-31). The amended statute provided an individual serving a sentence of imprisonment in a state or county correctional facility in this State or any other State, or in a federal correctional facility, does not have the right to request records under the FOIA. Mich. Comp. Laws § 15.232(c), Mich. Comp. Laws § 15.233(1).

**Prisoners have no rights under Michigan's FOIA.**

Before 1994, prisoners could make written requests for public records under Michigan's FOIA. Through Public Act 131 of 1994, the Legislature amended the FOIA to exclude individuals serving sentences of imprisonment in state, local, or federal correctional facilities from those who could access that statute. In 1996, the Legislature adopted Public Act 553, which brought the relevant language of the statute to its present form, but did not substantively change the exclusion adopted in PA 131. Mich. Comp. Laws § 15.232(c) now provides that

1

"Person" means an individual, corporation, limited liability company, partnership, firm, organization, association, governmental entity, or other legal entity. *Person does not include an individual serving a sentence of imprisonment in a state or county correctional facility in this state or any other state, or in a federal correctional facility.* (emphasis added).

Mich. Comp. Laws § 15.233 provides that a person may submit a written request for public records to a public body. Mich. Comp. Laws § 15.240 provides that a person may enforce the FOIA by appealing a decision to deny all or part of a request to the head of the public body or may file a lawsuit to seek judicial review of a denial. Thus, PA 131 clearly and unambiguously excluded prisoners from those who can invoke rights under the statute or enforce those rights through an appeal or by filing a lawsuit.

The Michigan Court of Appeals has described PA 131 as a remedial statute that was "clearly enacted to put a halt to the mischief and abuse of public resources caused by Michigan's prisoner population through excessive and largely frivolous FOIA requests." *Seaton v. Wayne County Prosecutor*, 233 Mich. App. 313, 322; 590 N.W.2d 598 (1998). The Court of Appeals noted that the Michigan Department of Corrections (MDOC) received and processed more requests under Michigan's FOIA than any other public body in Michigan, with most of

2

the requests coming from prisoners housed in MDOC facilities. *Id.* at 321. In 1992, MDOC charged fees of $216,602.93 under Mich. Comp. Laws. §15.234, but only collected about 5% of that amount, $11,295.81. *Id.* At that time, MDOC maintained an equivalent of 20 employees to process FOIA requests, at a labor cost of over $900,000.00. *Id.*

PA 131 was enacted to remedy this situation. The Legislature codified its expression of public policy in Mich. Comp. Laws. § 15.231(2). Although that section generally reflects Michigan's broad public policy of promoting government accountability and participation in democracy through transparency, the Legislature has created an exception for prisoners. The Legislature has determined that making a FOIA request is one of the many privileges that a convicted and incarcerated prisoner forfeits by committing a crime. *Proctor*, 248 Mich. App. at 466.

**Davis is a prisoner who lost his rights under Michigan's FOIA because of the crimes he committed.**

Davis's claims against Defendant Robert arise out of two FOIA requests he submitted to the Department of Treasury. He submitted the first request, dated February 9, 2015, to Treasury before he began serving a term of incarceration in a federal prison. (R. 1, Compl., ¶25, Page ID #7-8; Exhibit A, Affidavit of Carla Robert, ¶3). He submitted

3

the second request, dated April 8, 2015, after he began serving in a federal prison.  (Exhibit A, Affidavit of Carla Robert, ¶7).  Defendant Robert, as Treasury's FOIA coordinator, responded to both requests within the strict time limits imposed by Michigan's FOIA.  (Exhibit A, Affidavit of Carla Robert, ¶¶4-5, 7-8).  Although Defendant Robert learned from Davis's second request, dated April 8, 2015, that he was incarcerated at that time[1], until Treasury was served with this lawsuit, Defendant Robert did not even know when Davis was scheduled to report to federal prison.  (Exhibit A, Affidavit of Carla Robert, ¶9).

Further, as this Court has recognized, Defendant Robert's statements in her letters to Davis were expressions of her opinions regarding the applicability of Michigan's FOIA.  She did not impede Davis's ability to appeal to the State Treasurer or to file a lawsuit in State court.  There are simply no facts on which this Court could conclude that Defendant Robert interfered in any way with Davis's rights.

---

[1] Counsel for Defendant has recently learned that Davis is currently housed at a federal half-way house.  This does not change the legal analysis (R. 33 Opinion and Order Denying Plaintiff's Motion For Preliminary Injunction (Pg ID #516).

# ARGUMENT

## I.  Davis has plead claims arising under the First Amendment, the Fourteenth Amendment, and Michigan state law. These claims are unsupported by law and frivolous. This Court should grant summary judgment and dismiss Defendant Robert.

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted."  In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief.  *Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true."  *Id.* at 555 (internal citations and quotation marks omitted).  Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (internal citations and quotation marks

5

omitted).  Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Id.* at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court expanded on the so-called "two-pronged approach" of *Twombley*.  First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678 (citing *Twombley*, 550 U.S. at 555).  Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "shown[n]"-"that the pleader is entitled to relief."

*Id.* at 679 (internal citations omitted).

### A.    Counts I and III – Mich. Comp. Laws § 15.232(c)'s exclusion of prisoners from those who may invoke Michigan's FOIA does not violate the First Amendment.

In Counts I and III of his Complaint, Davis claims that the exclusion of prisoners from those who may invoke Michigan's FOIA

6

violates his right to petition the government for redress of grievances under the First Amendment. Specifically, Davis claims that the First Amendment affords him with the right to file a lawsuit to enforce Michigan's FOIA and with the right to appeal Defendant Robert's decision to deny his first FOIA request in Count I and his second FOIA request in Count III. Davis is incorrect in his application of the First Amendment in this context.

The Supreme Court has addressed the proper scope of prisoner's right to access to the courts under the First Amendment and the Due Process Clause of the Fourteenth Amendment. In *Lewis v. Casey,* the Court held that the Constitution protects access to the courts in situations that "inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis v. Casey*, 518 U.S. 343, 355; 116 S. Ct. 2174; 135 L.Ed.2d 606 (1996). But, in contrast to cases related to their conviction, the Supreme Court has recognized that "[i]mpairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.*

7

The Fourth Circuit Court of Appeals applied this standard in a case similar to this one, in which a prisoner alleged a violation of § 1983 and the First Amendment arising out of Virginia's exclusion of prisoners from those may access Virginia's FOIA.  *Giarratano v. Johnson*, 521 F.3d 298 (2008) (dismissing prisoner's challenges to Virginia's FOIA for failure to state a plausible claim).  The Fourth Circuit—quoting *Lewis*—rejected the premise that access to the courts requires the state to "enable the prisoner to discover grievances, and to litigate effectively once in court," and held instead that the right of access, "affords only 'the capability of bringing contemplated challenges to sentences or conditions of confinement.'"  *Giarrantano*, 521 F.3d at 306 (quoting *Lewis*, 518 U.S. at 354, 356).

Similarly, Michigan courts have held that the exclusion for prisoners does not violate First Amendment rights, including the right to access the courts.  *Proctor v. White Lake Twp Police Dep't*, 248 Mich. App. 457, 465-466; 639 N.W.2d 332 (2001).  In *Proctor,* the Michigan Court of Appeals held that that, "the principles involving access to the courts that plaintiff cites in his brief on appeal do not support his assertion of a right to inspect defendant's records pursuant to the

8

FOIA." *Id.* at 464.  Instead, the Court held that Michigan's FOIA does not implicate a prisoner's constitutional rights and does not in and of itself invest a prisoner with, "a constitutional right to investigate government information." *Id.* at 465.

Here, Davis is attempting to assert that he—and every prisoner—has a constitutional right to use Michigan's FOIA to require the state to produce government documents that are unrelated to any challenge to their sentences or the conditions of their confinement.  Davis offers no legal authority for such a sweeping claim.  But applying the rationale of *Lewis, Giarratano,* and *Proctor*, it is clear that the First Amendment does not grant prisoners with a constitutional right to enforce Michigan's FOIA in the courts.  The exemption of prisoners from the use of FOIA does not deprive prisoners of their First Amendment rights to access the federal courts.  Counts I and III of Davis' complaint, therefore, fail to state a claim.

**B.    Count II – Mich. Comp. Laws § 15.232(c)'s exclusion of prisoners from those who may invoke Michigan's FOIA does not violate the Fourteenth Amendment's Due Process Clause.**

In Count II of his Complaint, Davis claims that the exclusion of prisoners from those who may invoke Michigan's FOIA violates his right to procedural due process under the Fourteenth Amendment because, as he asserts, Defendant Robert deprived him of a property interest he had in a cause of action to enforce Michigan's FOIA.  This claim is completely unsupported by law.

To establish a procedural due process claim pursuant to § 1983, a plaintiff must establish three elements: (1) that they have a life, liberty, or property interest protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, (2) that they were deprived of this protected interest within the meaning of the Due Process Clause, and (3) that the state did not afford them adequate procedural rights prior to depriving them of their protected interest. *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999).

Here, Davis did not have a right to a cause of action with respect to his February 9, 2015 FOIA request.  Under Michigan law, a requesting person may file a lawsuit against a public body to compel

10

production of public records "[i]f a public body makes a final determination to deny all or a portion of a request. . ." Mich. Comp. Laws § 15.240(1). The Michigan Court of Appeals has held that a final determination is a prerequisite to cause of action under Michigan's FOIA, but that a final determination is not required until plaintiff has paid the deposit. *Arabo v. Michigan Gaming Control Board*, 310 Mich. App. 370, 388; 872 N.W.2d 223 (2015).

Davis did not pay the good faith deposit of $360.51, so Treasury has not made a final determination that could form the basis of an action under FOIA. (Exhibit A, Affidavit of Carla Robert, ¶6). Davis admits that he received notice that he needed to pay the deposit, but he did not pay the deposit before he reported to prison. (R. 1, Compl., ¶34, 36). Davis has failed to satisfy the necessary prerequisites to filing a claim under FOIA, and he has not been deprived of a property interest with respect to his February 9, 2015 FOIA request.

Moreover, even if Davis had a property interest in a cause of action under FOIA, Defendant Robert did not do anything to deprive Davis of that interest. It was the statute, not any action by Defendant

11

Robert, that has prevented him from accessing the documents he requested.

Further, Davis had adequate procedural rights to an appeal prior to his imprisonment. Davis would have been able to appeal a denial of his FOIA request, but he neglected to pursue such an appeal until after his incarceration. Defendant Robert is not responsible for Davis' being convicted and sentenced to prison, nor is she responsible for his failure to timely pursue an appeal before he became ineligible to do so. These events are both the result of Davis's own decisions and choices. If Davis had not engaged in criminal conduct leading to his imprisonment, he would have been capable of appealing a final determination on his FOIA request (once one had been made).

Finally, Davis does not contend that Defendant Robert deprived him of due process with regard to his second FOIA request, dated April 8, 2015, which was submitted after he began serving a term of incarceration in a federal prison. (R. 1, Compl., ¶¶54-66). That request, therefore, cannot form the basis of a due process claim.

12

**C.**   **Count IV – Violation of a state law cannot support a claim under 42 U.S.C. §1983.**

To state a claim under §1983, Davis must show that Defendant Robert deprived him of a right secured by the U.S. Constitution or a federal statute while acting under color of state law.  *Spadafore v Gardner*, 330 F.3d 849, 852 (6 Cir 2003).  Here, neither the U.S. Constitution nor a federal statute provide Davis with a right to reduced fees under Michigan's FOIA.  Even Davis asserted that a Michigan statute, Mich. Comp. Laws § 15.234(3), would be the source of any such right, if such a right actually existed.  (R. 1, Compl., ¶¶76-78).  Davis has not stated a claim upon which relief can be granted in Count IV of this Complaint.

If Count IV is instead an attempt by Davis to have this Court hear and determine his appeal of the denial of his waiver request, such a claim would be barred.  A state law claim for any kind of relief against Carla Robert in her official capacity would be barred by the Eleventh Amendment.  *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 106 (1984).  And Michigan's FOIA does not provide for any kind of individual liability.  See e.g. *Melki v. Clayton Charter Township*, 2013 Mich. App. LEXIS 1293, *11 (Docket No. 309964, July 25, 2013)(copy

13

attached as Exhibit B).  Thus, any kind of claim Davis seeks to make against Defendant Robert is either barred by the Eleventh Amendment or fails to state a claim because FOIA does not provide individual remedies.  In any event, Defendant Robert responded to Davis notifying him that the March 4, 2015 notice did not deny any portion of his request; to the contrary, Davis's request was granted and he was charged a fee, as permitted under Mich. Comp. Laws § 15.234.  (Exhibit A, Affidavit of Carla Robert, ¶¶9-12).  Davis has not stated a claim on which relief can be granted under §1983.

**D.   Count V – Defendant Robert did not retaliate against Davis for exercising First Amendment rights by delaying a response to his FOIA request. Defendant Robert responded timely.**

To state a retaliation claim, Davis must show that he engaged in activity protected by the Constitution or by statute, that Defendant Robert took an adverse action against him, and that the adverse action was taken because of the protected activity.  *Thaddeus-X v Blatter*, 175 F.Supp.3d 379, 386-387 (6th Cir 1999)(*en banc*).  Davis contends the adverse action was that Defendant Robert intentionally delayed responding to his FOIA request until the time he had to report to prison.  (R. 1, Compl., ¶¶6, 82-86).

14

To constitute First Amendment retaliation, an adverse action would have to deter a person of ordinary firmness from continuing to engage in that conduct. *Scarbrough v Morgan County Bd of Educ*, 470 F3d 250, 255 (6th Cir. 2006). The term "adverse action" in such claims is taken from employment case law; and examples of adverse action include discharge, demotions, refusal to hire, nonrenewal of contracts, and failure to promote. *Thaddeus-X*, 175 F3d at 398. But the Sixth Circuit has held that it is not necessarily true that every action—no matter how small—is constitutionally cognizable. *Thaddeus-X*, 175 F3d at 396. The Court observed, "There is, of course, a *de minimis* level of imposition with which the Constitution is not concerned." *Thaddeus-X*, 175 F3d at 396 (quoting *Ingraham v. Wright*, 430 US 651, 674 (1977). In adopting the standard that an action must "deter a person of ordinary firmness" from exercising their rights, the Sixth Circuit in *Thaddeus-X* praised the standard as capable of being tailored to different circumstances and of, "screening the most trivial of actions constitutional cognizance." *Thaddeus-X*, 175 F3d at 398.

First and foremost, Defendant Robert did not take any kind of "adverse action" against Davis; she responded to his FOIA request

15

within the time provided by statute. (Exhibit A, Affidavit of Carla Robert, ¶¶4-5, 7-8). A public body must issue a written notice in response to a FOIA request within 5 business days from the day the public body receives the request. Mich. Comp. Laws § 15.235(2). A public body may take a single 10 business day extension. Mich. Comp. Laws § 15.235(2)(d). And a public body does not receive a request submitted by electronic means, including e-mail, until 1 business day after it is sent. Mich. Comp. Laws § 15.235(1).

In this case, Davis submitted a FOIA request by e-mail on February 9, 2015. By operation of law, the Department of Treasury received that request on February 10, 2015. As Davis admits, Defendant Robert timely sent him a notice taking the 10 business day extension. (R. 1, Compl., ¶26). After accounting for President's Day on February 16, 2015, Treasury's response was due March 4, 2015. Defendant issued a notice granting Davis's request on March 4, 2015. (R. 1, Compl., at Exhibit E).

Furthermore, even taking Davis' complaint at face value, a mere delay in responding to his request cannot be considered an adverse action for purposes of a First Amendment retaliation claim. No person

16

of ordinary firmness would be deterred from pursuing a FOIA request by a simple delay in the government's response. Such a delay must instead be considered a trivial matter below constitutional cognizance.

In addition, Davis has offered no allegations supporting a causal connection between the alleged delay and his prior lawsuits in 2013. A time span of two years does not readily lend itself to an inference of retaliation. The Sixth Circuit has previously held that a plaintiff may not rely solely on temporal proximity between a protected activity and adverse action. See *Cockrel v. Shelby County School District*, 270 F.3d 1036, 1055 (6th Cir. 2001)(" [T]he nonmoving party may not rely on the mere fact that an adverse employment action followed speech that the employer would have liked to prevent."); *Holzemer v. City of Memphis*, 621 F.3d 512, 526 (6th Cir. 2010) ("[O]n a particular set of facts, extremely close temporal proximity could permit an inference of retaliatory motive, but also recognizing that often evidence in addition to temporal proximity is required to permit the inference.")

Here, Davis offers nothing to suggest a causal connection except the fact that he filed a different lawsuit against the Department of Treasury two years earlier. There are no allegations of statements

17

made by Defendant Robert referencing the prior lawsuit, and Davis is relying only on the existence of this past protected activity.  But even if Davis were permitted to make a claim based on temporal proximity alone, the span of two years is not "extremely close," and does not give rise to an inference of retaliation.  *Holzemer*, 621 F.3d at 526.

Davis has failed to allege an adverse action or causal connection sufficient to support a claim of First Amendment retaliation.

> **E.     Counts VI and VIII – Davis's claims for injunctive relief, attorney fees, and costs are derivative of his other claims.  They should be dismissed for the same reasons.**

In addition to the money damages Davis seeks through Counts I – V, Davis seeks injunctive relief in Count VI based on the same alleged violations of law that form the basis for his earlier counts.  Since Davis has not stated any substantive claims in this lawsuit, his request for injunctive relief should also be denied.

Similarly, Davis seeks an award of attorney fees and costs in Count VIII based on the same alleged violations of law that form the basis for his earlier counts.  Count VIII should be dismissed for the reasons described above.

### F.   Davis' claims are barred by immunity.

As noted above, Davis's state law claim for relief against Defendant Robert in her official capacity are barred by the Eleventh Amendment. *Pennhurst*, 465 U.S. at 106. Further, his §1983 claims against Defendant Robert in her official capacity fail because state officials acting in their official capacity are also not "persons" under § 1983. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989).

Finally, Davis' claims against Defendant Robert in her individual capacity are barred by qualified immunity. Government officials are immune from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). The Supreme Court instructs lower courts to perform a two-tiered inquiry to determine whether a defendant is entitled to qualified immunity. *Saucier v Katz*, 533 U.S. 194, 201; 121 S. Ct. 2151; 150 L. Ed. 2d 272 (2001). Courts should first determine whether "the facts alleged show the officer's conduct violated a constitutional right[.]" *Saucier*, 533 U.S. at 201. If the plaintiff establishes that a constitutional violation occurred, a court must next

19

consider "whether the right was clearly established." *Saucier*, 533 U.S. at 201.  In order for a right allegedly violated to be considered clearly defined, "the contours of the right must be sufficiently clear that a reasonable officer would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640 (1987).

For all of the reasons already argued, Davis has failed to make allegations sufficient to establish that Defendant Robert violated any of Davis' rights, let alone a right that was "clearly established."  Davis has offered no cases supporting the proposition that, as a prisoner, he has a constitutional right to access the courts for matters unrelated to his conviction or confinement, or that Defendant Robert knew or should have known that by using the statutorily-provided extension, she would be "retaliating" against Davis for a lawsuit he filed two years earlier. Defendant Robert is entitled to both absolute and qualified immunity. This Court should grant summary judgment to her on that basis.

## CONCLUSION AND RELIEF REQUESTED

Davis has no constitutional or federal statutory right to invoke Michigan's FOIA.  He forfeited his right to access government records through Michigan's FOIA by committing crimes that lead to his conviction and subsequent imprisonment.  He has no one to blame for this situation but himself.

This Court should grant summary disposition to Defendant Robert as to all counts which seek relief against her, Counts I – VI and VIII. Defendant Robert should be dismissed.

Respectfully submitted,

Bill Schuette
Attorney General

/s/ Erik A. Grill
Erik A. Grill (P64713)
James J. Kelly (P72111)
Assistant Attorneys General
Attorneys for Defendant
Carla Robert
Civil Litigation, Employment &
Elections Division
P. O. Box 30736
Lansing, MI 48909
(517) 373-6434
grille@michigan.gov

Dated:  April 6, 2016

21

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on April 6, 2016, I electronically filed the

above document(s) with the Clerk of the Court using the ECF System,

which will provide electronic copies to counsel of record.

/s/ Erik A. Grill
Erik A. Grill
Assistant Attorney General
Attorney for Defendant Carla
Robert
Civil Litigation, Employment &
Elections Division
P. O. Box 30736
Lansing, MI 48909
(517) 373-6434
grille@michigan.gov
P64713

22