UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT TREVOR-BLAIR
DAVIS, SR.,

       Plaintiff,                              Civil Action No. 15-CV-12076

vs.                                                   HON. MARK A. GOLDSMITH

CARLA A. ROBERT &
SUZANNE T. HALL,

       Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT ROBERT'S MOTION TO DISMISS (Dkt. 36) AND DISMISSING WITH PREJUDICE CLAIMS AGAINST DEFENDANT ROBERT

Plaintiff Robert Trevor-Blair Davis, Sr. sued Defendant Carla Robert, in both her individual and official capacities (the latter as Freedom of Information Act ("FOIA") Coordinator for the Michigan Department of Treasury ("the Department")) under 42 U.S.C. § 1983, alleging that Robert violated Davis's constitutional rights when she allegedly enforced against Davis an exclusion in Michigan's FOIA that excepts incarcerated persons from invoking its privileges. See Second Am. Compl. ¶¶ 3-8 (Dkt. 48). Davis sought a declaration that both Robert's actions and the FOIA exclusion violated his constitutional rights, as well as injunctive relief enjoining application of the exclusion against him. Id. Early on in the litigation, Davis moved for a preliminary injunction against Robert, which this Court denied. See Davis v. Robert, No. 15-CV-12076, 2016 WL 1084683 (E.D. Mich. Mar. 21, 2016). Thereafter, Robert filed a motion to dismiss (Dkt. 36), arguing that Davis failed to state a claim for relief, and, in

1

any event, Davis's claims against Robert were barred by qualified immunity.[1]  The Court now grants the motion.

The factual background underlying this case is adequately set forth in the Court's decision denying the preliminary injunction. Davis, 2016 WL 1084683, at *1-2.  For purposes of the instant motion, suffice it to say that, somewhere along the way the factual predicate for most, if not all, of Davis's claims against Robert — his incarceration at a federal correctional facility — resolved itself.  Specifically, Davis was released from the federal correctional facility and permitted to serve the remainder of his sentence confined to his home.  See Pl. Resp. at 2 (Dkt. 47).  Accordingly, Davis argues that he no longer falls within the FOIA's incarcerated-persons exclusion, depriving Robert of any such defense going forward and rendering her motion moot.  Id. at 2, 5, 7.  Robert agrees that, having completed his sentence of incarceration, Davis is again eligible to request and receive records under the FOIA.  Def. Reply at 2 (Dkt. 52).  However, Robert goes a step further, arguing that Davis's changed status renders his entire lawsuit against Robert moot.  Id.  Given these arguments, the Court convened a hearing to better understand the parties' positions with respect to mootness.

At the August 4, 2016 hearing, the Court inquired as to the status of the claims against Robert in light of Davis's release.  In response, counsel for Davis admitted that all the counts in the complaint — all of which relate to prior denials of Davis's FOIA requests — were moot, save for Count Five, a retaliation claim against Robert.  In light of Davis's admission, the Court dismisses Counts One through Four, as well as Count Six with prejudice.  Turning to the sole remaining claim against Robert, the retaliation claim articulated in Count Five, the Court

---

[1] Robert's motion is titled as one for summary judgment; however, a review of the substance of the motion, including the standard of decision articulated therein, makes clear that it is actually a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6).  See Def. Mot. at 5-6.

2

concludes that this claim must be dismissed as well, because, even taking all pleaded allegations as true, it fails on the merits, or, in the alternative, it is barred by qualified immunity.[2]

To make out a retaliation claim, a plaintiff must demonstrate: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two — that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Here, Plaintiff cannot establish the second element — that he suffered a cognizable adverse action.

Count Five is premised on a theory that Robert took adverse action against Davis by intentionally delaying the Department's response to Davis's February 9, 2015 FOIA request until shortly before Davis was required to report for his sentence of imprisonment, the idea being that the exclusion for incarcerated persons would then take effect and Davis would not be permitted to receive the documents he requested. See Second Am. Compl. ¶¶ 97-99. The complaint specifically alleges that the Department's response was due on March 4, 2015, but that Davis did not receive that response until March 11, 2015 — just two days before his report date. Id. ¶¶ 30-34. However, the Department's response is dated March 4, 2015. See 3/4/2015 FOIA Response,

---

[2] The standard for adjudicating a motion under Rule 12(b)(6) is well-known: Courts are obliged to construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true in determining whether the complaint states a plausible claim for relief. Albrecht v. Treon, 617 F.3d 890, 893 (6th Cir. 2010). Plausibility, in turn, requires a "reasonable inference that the defendant is liable for the misconduct alleged"; "facts that are 'merely consistent with' a defendant's liability" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Courts may look to the complaint, documents incorporated by reference into the complaint and integral to the plaintiff's claims, documents attached as exhibits to the complaint, and matters of public record. Commercial Money Ctr., Inc. v. Ill. Union Ins. Co., 508 F.3d 327, 335-336 (6th Cir. 2007).

Ex. E to Compl., at 13 of 26 (cm/ecf page) (Dkt. 4). Thus, Robert responded to Davis's request within the allotted statutory period.

Conceding that the response may have been issued within the required window, counsel for Davis maintained at the hearing that taking the full amount of time allotted under the statute to respond could still constitute a deliberative act of retaliation. However, Davis has provided the Court with no authority to refute Robert's argument that a timely response simply cannot be an adverse action, Def. Mot. at 15-16; in fact, Davis failed entirely to respond to Robert's argument on this point. The Court declines to adopt Davis's view.

Not every "adverse" action is constitutionally cognizable; rather, "the defendant's adverse action [must have] caused the plaintiff to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in [protected] activity." Thaddeus X, 175 F.3d at 396-397. Here, receiving a response within the time allotted by law would not "chill a person of ordinary firmness" from engaging in protected First Amendment activity. Indeed, the purpose of a statutory window, at least in part, is to provide some expectation for when a requestor can anticipate a response. Having those expectations met would not deter any citizen from any particular activity.

It would be a strange outcome to hold that a party has been deprived of a constitutional right by a state official whose actions were fully compliant with the law. Citizens may reasonably expect that government employees will comply with the letter of the law; while they might hope for a government response well before the end date allowed by law, they are not entitled to one. In short, compliance with the law cannot be viewed as an unlawful deterrent.[3]

---

[3] Counsel for Davis argued at the hearing that Robert's failure to return Davis's March 5, 2015 phone call and an email of the same day is evidence that Robert deliberately delayed responding to the request. See Second Am. Compl. ¶¶ 31-34. The Court disagrees that this failure is evidence of anything; Davis has provided no authority that Robert was required to respond to his

4

And even if Davis could somehow establish an adverse action so as to support a plausible violation, the doctrine of qualified immunity would bar the claim.  Qualified immunity is designed to "protect public officials from undue interference with their duties and from potentially disabling threats of liability."  Perez v. Oakland Cnty., 466 F.3d 416, 426 (6th Cir. 2006) (quoting Vakilian v. Shaw, 335 F.3d 509, 516 (6th Cir. 2003)).  It protects officials who reasonably thought that their actions comported with the rights that are alleged to have been violated.  Id.  Accordingly, a constitutional violation cannot be maintained against a public official unless the right at stake was "clearly established" at the time of the violation.  Id. at 427.  Moreover, a "right [must be] clearly established 'in light of the specific context of the case, not as a broad general proposition.'"  Id. (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001)).  Davis has not presented the Court with any controlling authority that would have alerted Robert that, in taking the full amount of time allowed under the statute to respond to Davis's request, she was behaving unlawfully.  See id. ("In order to determine if the law is clearly established such that a reasonable official could determine that her actions were unlawful, we look principally to the law of this circuit and to the Supreme Court.").  The failure dooms Davis's claim.  See id. ("The burden of showing that the right was clearly established 'rests squarely with the plaintiff.'" (quoting Key v. Grayson, 179 F.3d 996, 1000 (6th Cir. 1999))).

Accordingly, and for the reasons stated above, Robert's motion (Dkt. 36) is granted, and all of Davis's claims against Robert are dismissed with prejudice.

SO ORDERED.

Dated:  August 15, 2016                s/Mark A. Goldsmith
Detroit, Michigan                              MARK A. GOLDSMITH
                                               United States District Judge

---

communications, and Davis's follow-up attempts were made after Robert issued the Department's response to his FOIA request.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 15, 2016.

                                      s/Karri Sandusky
                                      Case Manager